**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SOLISHUM SUMER SHIELDS, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-5475 |
| | : | |
| EAST LAMPETER TOWNSHIP, *et al.,* | : | |
| *Defendants.* | : | |

**<u>MEMORANDUM</u>**

**Pappert, J.**                                                                        **January 22, 2025**

Solishum Sumer Shields filed this *pro se* civil action pursuant to 42 U.S.C. §

1983 naming as Defendants police officers, hospital workers and executives, a

Pennsylvania magisterial district judge, and several counties and municipalities.  He

alleges constitutional violations and state law claims related to a hospital visit on

December 3, 2019, and requests leave to proceed *in forma pauperis*.  For the following

reasons, the Court will grant the request to proceed *in forma pauperis* and will dismiss

his Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

I[1]

As reflected in court records from a prior case he filed in this Court, police

apprehended Shields on December 2, 2019, after a pursuit that ultimately resulted in

Shields crashing his car.  *See Shields v. Wiegand*, No. 20-2999, 2023 WL 8005296, at *2

---

[1] The facts set forth in this Memorandum are taken from the Complaint (ECF No. 1) and publicly available dockets of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

(E.D. Pa. Nov. 17, 2023), *granting motions to dismiss with prejudice,* 2024 WL 4596242, at *1 (E.D. Pa. Oct. 28, 2024).[2]  Shields was transported to the hospital.  *See id.*

In his Complaint here, Shields states he was admitted while unconscious to Jennersville Hospital in Jennersville, Pennsylvania, at about one o'clock a.m. on December 3, 2019.  (Compl. at 6.)  He claims that he awoke wearing a neck brace and handcuffed to a gurney.  (*Id.*)  Shields was not able to move but observed police officers and a nurse attending to his care.  (*Id.*)  He claims that he overheard Defendant Nurse Kathleen Ramirez ask officers if they wanted to "watch how we make them scream," and that all except one officer agreed that they did.  (*Id.* at 6-7.)  Shields felt a hand grab his penis and insert a catheter into the urethra "violently and maliciously."  (*Id.* at 7.)  After passing out, he later came to in the back of a police vehicle as he was taken to the Avondale Barracks.  (*Id.*)  Police subsequently transported Shields to Magisterial District Court, and "dragged [him] into the middle of the courtroom" before the judge. (*Id.* at 7-8.)  He states that the officers stood in a circle around him while Shields laid handcuffed, helpless, and bloodied on the floor.[3]  (*Id.* at 8.)

Shields filed this Complaint on October 11, 2024, seeking a declaratory judgment, injunctive relief, punitive damages, and compensatory damages totaling $1 billion.  (*Id.* at 10.)  He later submitted an "Addendum" to increase the requested compensatory damages to $500 trillion.  (ECF No. 5.)

---

[2] With a few exceptions, Shields included Defendants from his prior civil action among the entities sued here.  Shields's appeal of that lawsuit is presently pending in the United States Court of Appeals for the Third Circuit.  *See Shields v. Wiegand*, No. 24-3050 (3d Cir.).

[3] Shields ultimately pleaded guilty to fleeing or attempting to elude a police officer and other charges, and served a sentence at Chester County Prison.  *Commonwealth v. Shields*, CP-15-CR-0004375-2019 (C.P. Chester).  He has now been released.

II

The Court will grant Shields leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Shields' Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Shields is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Whitenight v.*

*Cmwlth. of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)).

III

Shields asserts violations of the Fourth, Eighth, and Fourteenth Amendments under 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. (Compl. at 11.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Shields also lists claims he wishes to bring under Pennsylvania law for assault and battery, sexual assault, rape, molestation, medical negligence, medical malpractice, false imprisonment, intentional infliction of emotional distress, gross negligence, and conspiracy. (Compl. at 11.) For the following reasons, Shields' § 1983 and state law claims will be dismissed and the request for injunctive relief denied.[4]

---

[4] After filing his Complaint, Shields filed multiple documents whose purposes and relationship to the claims in the Complaint are not clear. Shields asserts wide-reaching allegations, including that the Defendants owe him trillions of dollars pursuant to a purported settlement agreement, that he and other persons have been microchipped, and that members of the Freemasons, FBI, CIA, NSA, and Secret Service are conspiring to harm him. *See* ECF Nos. 6, 7, 10-13. Even though Shields titles two of the filings (Nos. 6 & 7 (the latter containing the same handwritten filing as No. 6) and 12) as "supplemental" complaints, they do not supplement the Complaint in this matter because they contain new "accusations" with no relation to the original facts, made against entities who are not named as Defendants in the Complaint. *See Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 668 F. Supp. 906, 922 (D. Del. 1987) (supplemental claims under Fed. R. Civ. P. 15(d) must be related to the original claims); *cf. Bryant v. Raddad*, No. 21-1116,

A

The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The alleged events in this matter occurred in Pennsylvania, and that state's statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)).

Shields filed his Complaint on October 11, 2024 but alleges that the events underlying his claims took place on or about December 3, 2019. (Compl. at 6.) A claim

_____

2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (quotation marks and citation omitted)).

    Even if they could qualify as supplements, those claims would be dismissed as frivolous under § 1915e(2)(B)(i). *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"). Federal courts routinely dismiss allegations that the CIA, FBI, NSA, and other governmental agencies or officials are targeting individual citizens with the intention to track, surveil, monitor, attack, or torture these individuals with directed energy weapons, microwave radiation, satellite technology, and the like as factually frivolous under § 1915, finding that these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible. *See, e.g.*, *McGinnis v. Freudenthal,* 426 F. App'x 625, 628 (10th Cir. 2011) ("Mr. McGinnis' claims of electromagnetic torture [by government and prison officials] are delusional and unsupported by any factual basis. The district court did not abuse its discretion in dismissing these claims as frivolous."); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"). Further, Shields asks for criminal charges to be filed against various entities, but a plaintiff cannot bring criminal charges against defendants through a private lawsuit. *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted). Finally, Shields filed a document that he apparently intended to file in the United States Court of Appeals for the Third Circuit (ECF No. 14).

accrues "when a plaintiff has a complete and present cause of action, that is, when he can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which his action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). Shields maintains that he was conscious and aware of actions by police officers and hospital workers, and he claims to have overheard statements during his medical care and later that day. (Compl. at 6-8.) Having alleged that he actually knew of his injuries on December 3, 2019, the statute of limitations on any cause of action arising from those events started to run that day. He therefore needed to file his claims under § 1983 no later than December 3, 2021, but instead filed his Complaint nearly three years after that, in October 2024.[5]

---

[5] In light of Shields' statements that he was conscious and aware of the alleged actions and statements of the Defendants on December 3, 2019, there are no grounds for tolling the statute of limitations under the Pennsylvania discovery rule. *See Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005) ("the salient point giving rise to [ ] application [of the Pennsylvania discovery rule] is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause."). The facts as alleged do not support a reasonable basis for equitable tolling, either. *See Lloyd v. Ocean Twp.*, 857 F. App'x 61, 64 (3d Cir. 2021) ("Equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted his claims, but in the wrong forum.").

Even if the statute of limitations did not bar Shields' claims, they are not plausible for other reasons. Under principles of *res judicata*, the judgment in Shields' prior lawsuit, Civil Action No. 20-2999, would preclude him from raising issues in this lawsuit that could have been brought earlier. *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (explaining that the doctrine applies when: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." (internal quotations omitted)). In the very least, the doctrine would apply to claims against Defendants East Lampeter Township, Reginella, Demberger, Schlitz, Wiegand, Dugan, Barry, and Lineman, plus

Shields' state law claims are also subject to the two-year statute of limitations and untimely. Assuming for the sake of argument that Shields' claims of assault and battery, medical negligence, medical malpractice, false imprisonment, intentional infliction of emotional distress, and negligence could be viable, they would be subject to the same two-year limitations period that applies to Shields' claims under § 1983. *See* 42 Pa. Cons. Stat. § 5524(1), (2), & (7). The two-year statute of limitations also applies to the civil claim for conspiracy with an underlying personal injury tort as its predicate. *See Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 255 (Pa. 2021). Under Pennsylvania law, Shields' state law claims also accrued in December 2019. *See Sevast v. Kakouras,* 915 A.2d 1147, 1153 (Pa. 2007) (explaining that in Pennsylvania, "the statute of limitations begins to run as soon as the right to institute and maintain the suit arises"). Because he did not file this suit until nearly five years later, his state law claims are also untimely.

**B**

Shields requests a preliminary injunction to prevent the Defendants from retaliating against him. (Compl. at 10.) He reiterates that request in subsequent

---

anyone in a substantive legal relationship with those parties or others sued in Civil Action No. 20-2999. *See Taylor v. Sturgell*, 553 U.S. 880, 893-94 (2008) (stating that nonparty preclusion may be justified based on a variety of pre-existing "substantive legal relationship[s]" between the person to be bound and a party to the judgment). Also, Defendants Perrotty, Morris, Barbera, and Turnball are not proper defendants because Shields alleges no personal involvement by them in the purported events. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.). Magisterial District Judge Cabry would be entitled to absolute immunity from Shields' § 1983 claims for damages. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (holding that judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction).

filings.  (ECF Nos. 6, 7, and 12.)  A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019).  "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate."  *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

Considering Shields' claims are time-barred, he has no likelihood of success on their merits.

## IV

For the foregoing reasons, the Court will grant Shields leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The dismissal will be with prejudice because Shields cannot cure the defects in his time-barred claims.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  The request for injunctive relief is denied.  An appropriate Order will be entered separately.  *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**/s/ Gerald J. Pappert**
**Gerald J. Pappert, J.**